<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7604**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

EKERE INYANGETTE, a/k/a Michael Thomas, a/k/a Uduak
Inyangette,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Liam O'Grady, District
Judge. (1:09-cr-00260-LO-1)

Submitted: December 18, 2012    Decided: December 28, 2012

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ekere Inyangette, Appellant Pro Se. Andrew Lamont Creighton,
OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia,
Dennis Michael Fitzpatrick, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ekere Inyangette seeks to appeal his conviction and 132-month sentence following his guilty plea to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). We dismiss the appeal.

In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment.[1] Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgment on October 26, 2009. Inyangette filed his notice of appeal on September 13, 2012.[2] Because Inyangette failed to file a timely notice of appeal or obtain an extension of the appeal period, we

---

[1] At the time judgment was entered, the appeal period was ten days. Fed. R. App. P. 4(b)(1)(A)(i) (2008). On December 1, 2009, the period was extended to fourteen days. Fed. R. App. P. 4(b)(1)(A)(i) (2009). Inyangette's notice of appeal is untimely under either period.

[2] For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the district court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

dismiss the appeal.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[3] We note that the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). However, because Inyangette's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it.  United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).